IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-CV-00534-GKF-SH |
| LAWRENCE J. SMITH, LORI T. SMITH and LORI SMITH, DDS, INC. P.C., | ) ) ) ) |
| Defendants. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On August 8, 2025, this matter came before the court for an evidentiary hearing on the Motion to Show Cause [Doc. 65] of plaintiff United States of America and the Report and Recommendation certifying facts of contempt thereon [Doc. 71] of U.S. Magistrate Mark T. Steele. During the hearing, the United States stipulated that it was seeking a finding of civil, not criminal, contempt against defendants Lawrence J. Smith and Lori T. Smith. The United States further stated that it was not seeking sanctions, including stipulating that it was not requesting that the Smiths be incarcerated upon a finding of civil contempt.

Having heard the evidence, the court enters the following Findings of Fact and Conclusions of Law:

### I.     Findings of Fact

1. On December 10, 2021, the United States of America initiated a civil action against defendants Lawerence J. Smith, Lori T. Smith, and Lori Smith DDS, Inc. P.C. to reduce to judgment federal income tax, interest and penalty assessments made against defendants Lawerence J. Smith and Lori T. Smith for tax years 2010 through 2014, and 2016 through 2020 (Count I) and obtain a money judgment against defendant Lori Smith DDS, Inc., P.C. for its failure or refusal to surrender to the United States property or rights to property

      subject to levy, and to impose a 50% penalty upon Lori Smith DDS, Inc. P.C. (Counts II and III). [Doc. 2].[1]

2. The Smiths reside at 6917 E. 128th Circle South, Bixby, Oklahoma 74008. [Pl.'s Ex. 2, pp. 5-6].

3. Lori Smith DDS, Inc. P.C. is located at 13 S. Coo-Y-Yah St., Pryor, Oklahoma 74361. [Pl.'s Ex. 2, pp. 5-6]; [Doc. 77].[2]

4. Mrs. Smith serves as the dentist at Lori Smith DDS, Inc. P.C., and Mr. Smith is the office manager. [Doc. 77].

5. On September 23, 2022, U.S. District Judge Terence C. Kern entered a Judgment against defendants Lawrence J. Smith and Lori T. Smith, jointly and severally, in the amount of $983,120.68 for federal income tax liabilities for tax years 2010 through 2014, and 2016 through 2020, plus interest accruing according to law from April 29, 2022 until fully paid; in favor of the United States and against defendant Lori Smith, DDS, Inc. P.C., in the amount of $842,722.69 for its failure or refusal to surrender to the United States property or rights to property subject to levy, plus interest accruing according to law from April 29, 2022 until fully paid; and in favor of the United States and against defendant Lori Smith DDS, Inc., P.C. in the amount of $421,361.35 for its failure or refusal to surrender to the United States property or rights to property subject to levy without reasonable cause, plus interest accruing according to law from April 29, 2022 until fully paid. [Doc. 13].

6. Mr. Smith was aware of the Judgment against him, his wife, and Lori Smith DDS, Inc. P.C. [Doc. 77].

7. In an Order of September 16, 2024, this court directed defendants Lawrence J. Smith and Lori T. Smith to make monthly installment payments in the amount of $11,570.00 to the United States until the total judgment debt, plus interest and the ten percent surcharge for costs pursuant to 28 U.S.C. § 3011(a), has been satisfied. [Doc. 57].

8. The court directed that the Clerk of Court send a copy of the Order, via United States mail, to (1) Lawrence J. Smith at 6917 E. 128th Circle South, Bixby, Oklahoma 74008; (2) Lori T. Smith at 6917 E. 128th Circle South, Bixby, Oklahoma 74008; and (3) Lori Smith DDS, Inc. P.C. c/o Lori Smith at 13 S. Coo-Y-Yah St., Pryor, Oklahoma 74361. [Doc. 57].

---

[1] The court takes judicial notice of the public filings in this matter. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.,* 497 F.3d 1096, 1107 n.18 (10th Cir. 2007) (quoting *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979)) ("[A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records.").

[2] Unless otherwise noted, the court's citations to [Doc. 77] refer to the testimony during the August 8, 2025 evidentiary hearing.

9. Mr. Smith was aware of the court's September 2024 Order directing monthly installment payments. [Doc. 77].

10. Mr. Smith usually gets the mail at the Smiths' residence. [Doc. 77].

11. Mr. Smith receives the mail at the dental practice. [Doc. 77].

12. Mrs. Smith testified that she had not seen the court's September 16, 2024 Order and "didn't know that anything had been decided" with respect to the Smiths' taxes. [Doc. 77].

13. The Smiths made only five of the required ten monthly payments due and owing since the court's September 2024 Order. [Doc. 77].

14. From October of 2024 to July of 2025, the Smiths deposited a monthly average of $26,948.25 into their personal RCB Bank account. [Pl.'s Exs. 37 to 46].

15. The Smiths' monthly expenses total $17,425.00. [Doc. 77-1].[3]

16. A foreclosure proceeding has been filed in the District Court in and for Mayes County Case No. CJ-2024-195, related to the real property located at 13 S. Coo-Y-Yah St., Pryor, Oklahoma 74361. A sheriff's sale of the property took place on July 17, 2025, and a hearing on the Motion to Confirm Sheriff's Sale is scheduled for September 24, 2025.[4]

## II. Conclusions of Law

1. "[I]t is firmly established that '[t]he power to punish for contempts is inherent in all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quoting *Ex Parte Robinson*, 19 Wall. 505, 510 (1874)). "This power reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)).

---

[3] The Smiths separately completed sworn Financial Affidavits. [Doc. 77-1]. The Affidavits were identical except for the amounts attributed to "Loans." Mr. Smith states that he pays $1,200 monthly on a total debt of $3,700. Mrs. Smith states that she pays $325 monthly on a total debt of $30,000. The court has included both the $1,200 and $325 monthly payments. Additionally, the sum reflects a $450 monthly allowance to the Smiths' son and a $300 monthly allowance to the Smiths' daughter, neither of which were included in the Smiths' Financial Affidavits.

[4] The court takes judicial notice of matters that are public record in Mayes County Case No. CJ-2024-195, *Central Trust Bank v. Lori Smith, DDS, Inc. P.C.* *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

2. "Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: '(1) to compel or coerce obedience to a court order . . . ; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance.'" *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1145 (9th Cir. 1983)).

3. The movant "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order." *F.T.C. v. Kuykendall,* 371 F.3d 745, 756-57 (10th Cir. 2004) (quoting *Reliance Ins. Co. v. Mast Constr. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998)). "[D]isobedience of the order need not be willful. Rather, '[a] district court is justified in adjudging a person to be in civil contempt for failure to be reasonably diligent and energetic in attempting to accomplish what was ordered.'" *ClearOne Commc'ns, Inc. v. Chiang*, 670 F. Supp. 2d 1248, 1282 (D. Utah 2009) (quoting *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Ltd. P'ship,* 95 F. Supp. 2d 1252, 1256 (D. Utah 2000)).

4. Once the movant meets its burden, the burden then shifts to the defendants to "show either that [they] had complied with the order or that [they] could not comply with it." *United States v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)); *see also Donovan v. Burgett Greenhouses, Inc.,* 759 F.2d 1483, 1486 (10th Cir. 1985).

5. If the defendants, "produc[e] sufficient detailed evidence of inability to comply," then "the party seeking contempt has 'the additional burden of persuading the court the defendant[s] [are] able to comply.'" *Kriegman ex rel. LLS Am., LLC v. Mirrow*, No. 15-CV-01542-PAB-NRN, 2021 WL 3418721, at *2 (D. Colo. Aug. 5, 2021) (quoting *Cook v. Rockwell Int'l Corp.*, 907 F. Supp. 1460, 1463 (D. Colo. 1995)).

   A. Mr. Smith

6. ***First***, a valid court order existed—specifically, the court's September 16, 2024 Order directing that the Smiths pay monthly installment payments of $11,570.00. *See* [Doc. 57].

7. ***Second***, based on Mr. Smith's own admission, as well as testimony that he receives the mail, both at the Smith residence and the dental practice, the court concludes that the government has satisfied its burden to demonstrate, by clear and convincing evidence, that Mr. Smith had knowledge of the September 16 Order.

8. ***Third,*** based on Mr. Smith's concession that he made only five of the required ten payments, the court concludes that the government has satisfied its burden to demonstrate, by clear and convincing evidence, that Mr. Smith disobeyed the court's September 16 Order.

9. ***Finally,*** Mr. Smith has not shown that compliance with the Order was impossible. Rather, the evidence demonstrates that the Smiths had an average of approximately $9,500 in

       disposable income each month, all of which could have been directed to Mr. Smith's obligations under the September 16 Order.

10. Based on the foregoing, the court enters a finding of civil contempt against Mr. Smith.

    *B.  Mrs. Smith*

11. Again, a valid court order existed—specifically, the court's September 16, 2024 Order directing that the Smiths pay monthly installment payments in the amount of $11,570.00. *See* [Doc. 57].

12. However, the court concludes that the government failed to demonstrate, by clear and convincing evidence, that Mrs. Smith knew of the September 16 Order. Mrs. Smith testified that she was unaware of the court's Order until the night before the August 8, 2025 hearing. Further, although the Clerk of Court mailed the Order to Mrs. Smith's residence and her dental practice, Mr. Smith, not Mrs. Smith, received the mail at both locations.

13. Based on the foregoing, the court declines to enter a finding of civil contempt against Mrs. Smith.

    *C.  Lori Smith DDS, Inc. P.C.*

14. The court's September 16, 2024 Order did not require Lori Smith DDS, Inc. P.C. to make a monthly installment payment or take any further action. *See* [Doc. 57].

15. Because the court's September 16, 2024 Order did not require Lori Smith, DDS, Inc. P.C. to take any action, the court's oral finding of contempt against Lori Smith, DDS, Inc. P.C., made during the August 8, 2025 hearing, is vacated.

### III.  Conclusion

WHEREFORE, the court enters a finding of civil contempt against defendant Lawrence J. Smith.

IT IS FURTHER ORDERED that the court declines to enter a finding of civil contempt against defendant Lori T. Smith.

IT IS FURTHER ORDERED that the court's oral finding of contempt against defendant Lori Smith DDS, Inc. P.C. is vacated.

IT IS FURTHER ORDERED that, in light of the pending foreclosure proceeding against the real property located at 13 S. Coo-Y-Yah St., Pryor, Oklahoma 74361, and based on the consent

of the United States, the Smiths are excused from their obligation to make payments under the Court's September 16, 2024 installment payment order [Doc. 57], until further notice.

IT IS FURTHER ORDERED that, on or before October 10, 2025, the parties shall meet and confer and the United States shall submit a status report advising whether: (1) the Smiths have redeemed from foreclosure the real property located at 13 S. Coo-Y-Yah St., Pryor, Oklahoma 74361, and (2) whether the parties have reached an agreement on an appropriate monthly installment payment amount going forward, or reasons for any disagreement. If the parties have not reached an agreement, the United States shall propose either a briefing schedule on the issue of an appropriate monthly installment payment or other appropriate action for the Court to take.

IT IS SO ORDERED this 13th day of August, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE